Lorraine KNAPPER, Petitioner–Appellee,

v.

AURORA MUNICIPAL COURT and the Honorable Richard Weinberg, Respondents–Appellants.

No. 98CA1712.

Colorado Court of Appeals, Div. III.

July 22, 1999.

Rehearing Denied Aug. 26, 1999.

Laurie Cole, Chief Public Defender, Aurora, Colorado, for Petitioner–Appellee.

Charles H. Richardson, City Attorney, Susanne Staiert, Assistant City Attorney, Aurora, Colorado, for Respondents–Appellants.

Opinion by Judge CASEBOLT.

In this C.R.C.P. 106 action, respondents, the Municipal Court in and for the City of Aurora and the Honorable Richard Weinberg, appeal the district court's order requiring the appointment of counsel for petitioner, Lorraine Knapper, to pursue an appeal of her criminal conviction. We reverse.

Petitioner was charged with prostitution in violation of the Aurora Municipal Code and was convicted after a jury trial at which she was represented by the municipal public defender. Although the Code authorizes imposition of a fine and/or imprisonment, petitioner was sentenced to pay a fine and no jail term was imposed.

Aurora Municipal Code § 50–170(c)(2) provides that the municipal public defender will represent an indigent defendant on appeal only upon order of the court. Because she was indigent, petitioner sought appointment of the public defender for appeal. Concluding that petitioner did not face incarceration, the municipal court denied the request.

Petitioner thereafter sought relief in the district court under C.R.C.P. 106. Concluding that due process and equal protection principles protected indigent persons from discrimination and required the appointment of counsel for appeal, that court ordered the appointment of the municipal public defender for appellate purposes, and this appeal followed.

Respondents assert the district court erred in requiring the appointment of counsel on appeal because petitioner did not face a term of incarceration. We agree.

An indigent defendant has a constitutional right to appointed counsel "only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Department of Social Services*, 452 U.S. 18, 27, 101 S.Ct. 2153, 2159, 68 L.Ed.2d 640, 645 (1981); *see Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); *see also Stern v. County Court*, 773 P.2d 1074 (Colo.1989)(attorney must be provided for indigent defen-

dants accused of crimes if imprisonment may be imposed).

■ Conversely, when an indigent defendant is not actually sentenced to a term of imprisonment, due process does not require the appointment of counsel. *See Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979).

■ Here, the conviction that petitioner seeks to appeal resulted in the imposition of a fine, with no term of imprisonment. Accordingly, there is no chance that the loss of her appeal, in and of itself, could result in a physical deprivation of petitioner's liberty. The district court's conclusion that petitioner could possibly be sentenced to imprisonment after any retrial is not relevant to the question whether she is entitled to counsel *on appeal.* Rather, under the standards set forth in *Lassiter, Argersinger,* and *Scott,* petitioner is not entitled to the appointment of counsel on appeal because her liberty is simply not at stake in this proceeding.

Further, contrary to petitioner's contention, *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) does not control here. In *Griffin,* the court held that when transcripts are necessary to meaningful appellate review of a defendant's claims, denying free transcripts to an indigent defendant violates due process principles and effectively denies a defendant the right to appeal.

In contrast, here, petitioner has not been denied access to any transcripts. She has been denied access to court-appointed counsel on appeal, but not improperly so. Furthermore, even absent appointment of counsel, petitioner may obtain meaningful appellate review of her claims by proceeding *pro se.*

The order is reversed.

Judge NEY and Judge MARQUEZ concur.